**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| TRITON TECH OF TEXAS, LLC, § | |
| § | |
| Plaintiff, § | |
| § | CIVIL ACTION NO. 2:10-cv-328 |
| v. § | |
| § | **JURY TRIAL DEMANDED** |
| NINTENDO OF AMERICA INC. and § | |
| APPLE INC., § | |
| § | |
| Defendants. § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Triton Tech of Texas, LLC (hereinafter, "Triton" or "Plaintiff") by and through its undersigned counsel, files this Original Complaint against Nintendo of America Inc. and Apple Inc. (collectively, referred to as "Defendants"), as follows:

**NATURE OF THE ACTION**

1. This is a patent infringement action to stop Defendants' infringement of Plaintiff's United States Patent No. 5,181,181 (hereinafter, the "'181 patent"), entitled "Computer Apparatus Input Device For Three-Dimensional Information." A copy of the '181 patent is attached hereto as Exhibit A. Triton is the assignee of the '181 patent. Plaintiff seeks injunctive relief and monetary damages.

**PARTIES**

2. Plaintiff Triton is a limited liability company organized and existing under the laws of Texas with its principal place of business at 104 East Houston Street, Suite 170, Marshall, Texas 75670.

3. Triton is the assignee of all title and interest of the '181 patent. Plaintiff possesses the entire right to sue for infringement and recover past damages.

4. Upon information and belief, Defendant Nintendo of America Inc. ("Nintendo") is a corporation organized and existing under the laws of the State of Washington, with its principal place of business located at 4900 150th Avenue NE, Redmond, Washington 98052.

5. Upon information and belief, Defendant Apple Inc. ("Apple") is a corporation organized and existing under the laws of the State of California, with its principal place of business located at One Infinite Loop, Cupertino, California 95014.

## JURISDICTION AND VENUE

6. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

7. The Court has personal jurisdiction over each Defendant because each Defendant has minimum contacts within the State of Texas, and the Eastern District of Texas; each Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in the Eastern District of Texas; each Defendant has sought protection and benefit from the laws of the State of Texas; upon information and belief, each Defendant regularly conducts business within the State of Texas and within the Eastern District of Texas; and, Plaintiff's cause of action arise directly from Defendants' business contacts and other activities in the State of Texas and in the Eastern District of Texas.

8. More specifically, each Defendant, directly and/or through intermediaries, ships, distributes, offers for sale, sells, and/or advertises its products and services in the United States, the State of Texas, and the Eastern District of Texas. Upon information and belief, each

Defendant has committed patent infringement in the State of Texas and in the Eastern District of Texas, has contributed to patent infringement in the State of Texas and in the Eastern District of Texas and/or has induced others to commit patent infringement in the State of Texas and in the Eastern District of Texas. Each Defendant solicits customers in the State of Texas and in the Eastern District of Texas. Each Defendant has many paying customers who are residents of the State of Texas and the Eastern District of Texas and who each use respective Defendant's products and services in the State of Texas and in the Eastern District of Texas.

9. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I – PATENT INFRINGEMENT

10. United States Patent No. 5,181,181, entitled "Computer Apparatus Input Device For Three-Dimensional Information," was duly and legally issued by the United States Patent and Trademark Office on January 19, 1993 after full and fair examination. Plaintiff is the assignee of all rights, title, and interest in and to the '181 patent and possesses all rights of recovery under the '181 patent including the right to sue for infringement and recover past damages.

11. Upon information and belief, Nintendo has infringed and continues to infringe one or more claims of the '181 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, a device, such as its Wii MotionPlus™ gaming remote and system, using acceleration sensors and rotational rate sensors for detecting motion about a particular axis for communication with a computing device. Upon information and belief, Nintendo has also contributed to the

infringement of one or more claims of the '181 patent and/or actively induced others to infringe one or more claims of the '181 patent, in this district and elsewhere in the United States.

12.     Upon information and belief, Apple has infringed and continues to infringe one or more claims of the '181 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, a device, such as its iPhone 4, using acceleration sensors and rotational rate sensors for detecting motion about a particular axis for communication with a computing device.  Upon information and belief, Apple has also contributed to the infringement of one or more claims of the '181 patent and/or actively induced others to infringe one or more claims of the '181 patent, in this district and elsewhere in the United States.

13.     Each Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

14.     Plaintiff is entitled to recover from the Defendants the damages sustained by Plaintiff as a result of Defendants' wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 3 U.S.C. § 284.

15.     Defendants' infringement of Plaintiff's exclusive rights under the '181 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

16.     Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## **PRAYER FOR RELIEF**

Plaintiff respectfully requests that the Court find in its favor and against Defendants, and that the Court grant Plaintiff the following relief:

A. An adjudication that one or more claims of the '181 patent has been infringed, either literally and/or under the doctrine of equivalents, by one or more Defendants and/or by others to whose infringement Defendants have contributed and/or by others whose infringement has been induced by Defendants;

B. An award to Plaintiff of damages adequate to compensate Plaintiff for the Defendants' acts of infringement together with pre-judgment and post-judgment interest;

C. That one or more of the Defendants' acts of infringement be found to be willful from the time that Defendants became aware of the infringing nature of their actions, which is the time of filing of Plaintiff's Original Complaint at the latest, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

D. A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendants from further acts of (1) infringement, (2) contributory infringement, and (3) actively inducing infringement with respect to the claims of the '181 patent;

E. That this Court declare this to be an exceptional case and award Plaintiff reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

F. Any further relief that this Court deem just and proper.

Dated: August 30, 2010            Respectfully submitted,

/s/ William E. Davis, III
William E. Davis, III
**THE DAVIS FIRM P.C.**
111 W. Tyler St.
Longview, TX 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661
E-mail: bdavis@bdavisfirm.com

**COUNSEL FOR PLAINTIFF
TRON TECH OF TEXAS, LLC**