**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

|  |  |  |
|---|---|---|
| | § | |
| | § | |
| TRITON TECH OF TEXAS, LLC., | § | |
| | § | |
| *Plaintiff*, | § | |
| v. | § | CIVIL ACTION NO. 2:10-CV-328-JRG |
| | § | |
| NINTENDO OF AMERICA INC., ET AL., | § | |
| | § | |
| *Defendants*. | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

## I.  INTRODUCTION

Before the Court are the Moving Defendants'[1] motions to transfer venue to the United

States District Court for the Northern District of California (Dkt. Nos. 38 & 44).  The Court,

having considered the venue motions and the arguments of counsel, DENIES the motions to

transfer venue.  As will be discussed below, the Moving Defendants have not met the threshold

burden of showing that the transferee venue is one where this suit could have been brought.  *See*

*In re Volkswagen of Am., Inc.* ("*Volkswagen III*"), 566 F.3d 1349 (Fed. Cir. 2009); *In re*

*Genentech, Inc.*, 566 F.3d 1338 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315 (Fed.

---

[1] The Moving Defendants include defendants Nintendo of America, Inc. and XSens North
America, Inc. (Dkt. No. 38) and defendant Apple, Inc. (Dkt. No. 44).

Cir. 2008); *In re Volkswagen of Am., Inc.* ("*Volkswagen II*"), 545 F.3d 304 (5th Cir. 2008) (en banc).

## II.    DISCUSSION

### A.    Legal Standard for Motions to Transfer Venue

"For the convenience of parties, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  The Fifth and Federal Circuits have enunciated the standard to be used in deciding motions to transfer venue.  *See Volkswagen III*, 566 F.3d 1349; *In re Genentech.*, 566 F.3d 1338; *In re TS Tech USA Corp.*, 551 F.3d 1315 (applying the Fifth Circuit's en banc *Volkswagen II* decision to rulings on transfer motions out of this Circuit); *Volkswagen II*, 545 F.3d 304.  The moving party must show "good cause," and this burden is satisfied "when the movant demonstrates that the transferee venue is clearly more convenient." *Volkswagen II*, 545 F.3d at 314.

The initial threshold question is whether the suit could have been brought in the proposed transferee district.  *In re Volkswagen AG* ("*Volkswagen I*"), 371 F.3d 201, 203 (5th Cir. 2004).  If the transferee district is a proper venue, then the court must weigh the relative conveniences of the current district against the transferee district.  In making the convenience determination, the Fifth Circuit considers several private and public interest factors, none of which are given dispositive weight.  *Id.*  "The private interest factors are: '(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *Volkswagen II*, 545 F.3d at 315 (quoting *Volkswagen I*, 371 F.3d at

203). "The public interest factors are: '(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized [disputes] decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [in] the application of foreign law.'" *Id.* (quoting *Volkswagen I*, 371 F.3d at 203).

**B.**     **Analysis of the Threshold Question of Proper Venue in the Transferee Venue**

Because the Moving Defendants have failed to prove that this case could have been brought in the Northern District of California, the Moving Defendants' motions fail from the start. The threshold "determination to be made is whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed" in the first place. *Volkswagon I*, 371 F.3d at 203. "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b).

Defendant Hillcrest Laboratories, Inc. ("Hillcrest") has not joined in the motion to transfer venue, and the Moving Defendants have failed to prove that Hillcrest would be subject to personal jurisdiction in the Northern District of California. The Moving Defendants argue that Hillcrest is subject to personal jurisdiction in the Northern District of California because plaintiff Triton Tech of Texas, LLC's ("Triton Tech") complaint alleges that Hillcrest has committed nationwide acts of infringement. The Moving Defendants rely on *Software Rights Archive, LLC v. Google, Inc.*, No. 2:07-CV-511-CE, 2010 WL 2950351 (E.D. Tex. July 22, 2010). In *Software Rights*, the plaintiff Software Rights Archive, LLC ("SRA") contended that the threshold question was not satisfied

because defendant Lycos, Inc. ("Lycos") was not subject to personal jurisdiction in the Northern District of California. The Court rejected this argument, explaining that:

> Venue requirements are satisfied in patent infringement cases "where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). As SRA has accused Lycos of nationwide acts of infringement, including the Eastern District of Texas and the Northern District of California, the Northern District of California has at least specific jurisdiction over Lycos.

*Id.* at *2. The Moving Defendants argue that, as in *Software Rights*, Triton Tech has accused Hillcrest of nationwide acts of infringement by alleging that Hillcrest has infringed the patent-in-suit by "making, using, . . . and selling . . . [the accused device] . . . in this district and *elsewhere in the United States.*" *See* Dkt. No. 14 at ¶ 16 (emphasis added). As such, the Moving Defendants argue that Hillcrest is subject to personal jurisdiction in the Northern District of California.

Although the Moving Defendants are correct that Triton Tech has accused Hillcrest of nationwide acts of infringement, *Software Rights* is distinguishable. In *Software Rights*, defendant Lycos was one of the parties that moved to transfer venue, and as a result, Lycos had implicitly consented to jurisdiction in the transferee forum. *See Liaw Su Teng v. Skaarup Shipping Corp.,* 743 F.2d 1140, 1149 (5th Cir. 1984) (stating that "[b]y filing its motion for transfer, [the defendant] had waived its objection [of forum non conveniens] in the [transferee forum]") (*overruled on other grounds In re Air Crash Disaster Near New Orleans, La.,* 821 F.2d 1147 (5th Cir. 1987); *see also Intravisual, Inc. v. Fujitsu, Ltd.*, No. 2:10–CV–90–TJW, 2011 WL 4378080 (E.D. Tex. Sept. 20, 2011). There was, therefore, essentially no need for the court to engage in an in-depth inquiry as to whether Lycos would be subject to jurisdiction in the transferee forum. Here, Hillcrest has not joined either of the pending motions to transfer venue despite

having had almost a year to do so. Furthermore, as mentioned above, the Moving Defendants have presented no evidence that Hillcrest would actually be subject to personal jurisdiction in the Northern District of California. Therefore, the Moving Defendants have not met their threshold burden to show that this case could have been brought in the Northern District of California. In accordance, the Court need not address the private and public interest factors.

## III. Conclusion

The Moving Defendants have the burden to prove that Hillcrest is subject to personal jurisdiction in the Northern District of California. They have not produced any such evidence. The Court, therefore, DENIES the Moving Defendants' motions to transfer to the Northern District of California (Dkt. Nos. 38 & 44).

**So ORDERED and SIGNED this 23rd day of January, 2012.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE